## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAMIAN MONTELEONE, an individual and on behalf of all others similarly situated,<br><br>           Plaintiff,<br>    v.<br><br>THE NUTRO COMPANY, a Delaware corporation; MARS, INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>           Defendants. | Case No.:<br><br><br>**NOTICE OF REMOVAL** |

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT**:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 Defendants, The Nutro Company ("Nutro") and Mars Incorporated ("Mars"), (collectively the "Mars Defendants") give notice of removal of an action filed against them in the Superior Court of the State of New Jersey, Essex County, to the United States District Court for the District of New Jersey.  The grounds for removal are as follows:

### THE REMOVED CASE

1.      On or about December 26, 2013, Damian Monteleone ("Plaintiff"), filed a putative nationwide class action complaint ("Complaint") in the Superior Court of New Jersey, Law Division, Essex County, captioned *Damian Monteleone, an individual and on behalf of all others similarly situated v. The Nutro Company, a Delaware corporation, Mars Incorporated, a Delaware corporation, and Does 1 through 100, inclusive*, Docket No. ESX-L-9885-13.

2.      In the Complaint, Plaintiff, "on behalf of all purchasers of dog food products manufactured, distributed, marketed, and/or sold by [the Mars Defendants] nationwide, except

California," alleges that the Mars Defendants falsely claimed that their "dog food products are or were a source of live microbial spores." Compl. ¶¶ 1-2.  Based on this alleged conduct, Plaintiff purports to plead claims against the Mars Defendants for (1) common law equitable fraud; (2) common law negligent misrepresentation; and (3) violations of New Jersey Consumer Fraud Act, N.J. Stat. 56:8-1, *et seq.*

## THE REMOVAL IS TIMELY

3.     The removal is timely under 28 U.S.C. § 1446(b).  Plaintiff served the Mars Defendants with copies of the Complaint on January 9, 2014.  *See* Fed. R. Civ. P. 4(e)(1).  The Mars Defendants filed this Notice of Removal within thirty (30) days of service, as required under the law.  *See, e.g., Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## THE CONSENT REQUIREMENT IS INAPPLICABLE

4.     The Mars Defendants are the only named defendants in the case (excluding the fictitious "Doe" defendants, which are disregarded for purposes of removal, *see* 28 U.S.C. § 1441(a); *Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003) ("John Doe" defendants not required to consent because "the general rule that all defendants must join in a notice of removal may be disregarded where . . . the non-joining defendants are unknown")) and the Mars Defendants consent to removal.  In any event, this case could be removed without the consent of any other defendant as provided by 28 U.S.C. § 1453(b).

## THE VENUE REQUIREMENT IS MET

5.     Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

**FEDERAL JURISDICTION EXISTS**

6.      Federal jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as amended at 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, and 1711-1715).   CAFA confers federal jurisdiction over putative class actions involving:  (a) minimal diversity (*i.e.*, diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interest and costs.  *See 28 U.S.C. § 1332(d); Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013).  This case satisfies CAFA's requirements.

**A.      The Parties Are Diverse**

7.      The parties are minimally diverse because the Mars Defendants and Plaintiff are, and were at all relevant times, citizens of different states.  *See* 28 U.S.C. § 1332(d)(2)(A) (providing that for purposes of CAFA jurisdiction, minimal diversity requires "any member of a class of plaintiffs" to be "a citizen of a State different from any defendant").

8.      Plaintiff was (and is) a New Jersey resident and citizen.  *See* Compl. ¶ 3 ("Plaintiff is an individual and consumer residing in Glenn Ridge, New Jersey"); *see also* 28 U.S.C. § 1332(a)(l) (an individual is a citizen of the state in which he or she is domiciled; *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (while residence alone is not the equivalent of citizenship, residence is properly taken as domicile "until facts adduced establish the contrary"); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (listing residence creates a rebuttable presumption of domicile).

9.      A corporation is deemed to be a citizen of the state in which it is incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  At the time of the filing of the pleadings and this notice of removal, Mars was (and remains) incorporated in Delaware.  *See* Compl. at 1.  Mars' headquarters and principal place of business was (and remains) in McLean,

Virginia. *See id.* ¶ 5. At the time of the filing of the pleadings and this notice of removal, Nutro was (and remains) incorporated in California, with a principal place of business in Franklin, Tennessee. *See* Compl. ¶ 4; *see also* Declaration of Monica Glass ("Glass Decl.") ¶ 3 (attached hereto as Exhibit B).

**B.     The Proposed Nation-Wide Putative Class Exceeds 100**

10.     The Mars Defendants do not concede the propriety of Plaintiff's putative class or that Plaintiff has pled a proper class. Defendants do not waive and, to the contrary, reserve their rights to challenge the propriety of the putative class in all respects. However, the Court looks to a plaintiff's allegations respecting class size for purposes of removal. *See Standard Fire Ins. Co.*, 133 S.Ct. at 1348.

11.     As pled, Plaintiff's proposed class easily exceeds 100 putative members. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to maintain a nationwide putative class action (excluding California) on behalf of all purchasers who, from December 2007 through April 2011, "purchased [the Mars] Defendants' dog food products with a 'Guaranteed Analysis' that included a reference to millions of *Bacillus* CFUs (the 'Class')." Compl. ¶ 22. During this period, the Mars Defendants' sold the products at issue in this case to over 1,000 retail outlets nationwide (excluding California), which in turn sold such products to consumers. *See* Glass Decl. ¶¶ 4-5. Thus, the proposed putative nation-wide class well exceeds 100 members.

**C.     The Amount In Controversy Exceeds $5 Million**

12.     To determine the amount in controversy under CAFA, the Court first reads the complaint filed in the state court. *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). Where, as here, the plaintiff has not specifically averred in the complaint that the amount in controversy is less than $5 million, the case may be removed unless "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."

*Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007). Here, although Defendants deny that Plaintiff or the putative class is entitled to any relief, it does not appear "to a legal certainty" that the amount in controversy falls below $5 million.

13.     "To 'determine whether the matter in controversy' exceeds [$5 million], 'the claims of the individual class members shall be aggregated.'" *Standard Fire Ins. Co.*, 133 S.Ct. at 1348 (quoting 28 U.S.C. § 1332(d)(6)). "And those 'class members' include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified class.'" *Id.* (quoting 28 U.S.C. § 1332(d)(1)(D) (emphasis in original)). As applied here, the Court must aggregate the value of the claim of each person who falls within the definition of the proposed class and determine whether the resulting sum exceeds $5 million. It does here for several reasons.

14.     <u>First</u>, for each putative class member, Plaintiff seeks "an amount equal to the purchase price they paid plus applicable sales tax" over a six-year period. Compl. ¶ 19; *see also id.* ¶ 41 ("Plaintiff and Class Members seek the full return of their purchase monies, plus the return of applicable sales taxes paid by Class Members."). During the relevant time period, the Mars Defendants sold the dog food products at issue to over 1,000 retail outlets nationwide (excluding California) for re-sale to consumers. *See* Glass Decl. ¶¶ 4-5. The Mars Defendants' gross wholesale revenues from those sales exceeded $10 million. *See id.*

15.     <u>Second</u>, Plaintiff seeks attorney's fees, which the Court must consider when determining the amount in controversy. *See Frederico*, 507 F.3d at 199; Compl. ¶ 54 ("Plaintiff seeks the recovery of attorneys' fees, filing fees, and costs pursuant to N.J. Stat § 56:8-19"). As recognized by the Third Circuit, "Attorney's fees can be as much as thirty percent of the judgment." *Frederico*, 507 F.3d at 199; *see also In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (citing a study done by the Federal Judicial Center that found a "median percentage recovery fee range of 27–30%" for "all class actions resolved or settled over a four-year period").

16.     _Third_, Plaintiff seeks treble and punitive damages, which the Court also must consider when determining the amount in controversy for purposes of CAFA. _See Frederico_, 507 F.3d at 199; _see_ Compl. ¶ 41 (seeking punitive damages); _id._ at 7 (seeking treble damages).  New Jersey law provides for both treble and punitive damages.  _See, e.g._, N.J. Stat. Ann. § 56:18-19 (permitting treble damages); _Gennari v. Weichert Co. Realtors_, 148 N.J. 582, 610, 691 A.2d 350, 367 (1997) (permitting punitive damages for fraud).  Trebling the amount of compensatory damages Plaintiff seeks on behalf of a putative nationwide class would well exceed the $5 million jurisdictional threshold.

## PAPERS FROM THE REMOVED ACTION

17.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers or exhibits filed in the State court have been filed with the Court.  _See_ Exhibit ("Ex.") A.

## NOTICE TO ADVERSE PARTY AND STATE COURT

18.     Pursuant to 28 U.S.C. § 1446(d), the Mars Defendants are serving written notice of the removal of this case on Plaintiff's counsel:

Ronald A. Giller, Esq.
Jeffrey Y. Spiegel, Esq.
GORDON & REES LLP
18 Columbia Turnpike, Suite 220
Florham Park, N.J. 07392

19.     Pursuant to 28 U.S.C. § 1446(d), the Mars Defendants will promptly file a Notice of Filing Removal with the Clerk of the Superior Court of New Jersey Law Division: Essex County.  A true and correct copy of this Notice is attached hereto as Exhibit C.

2110120.1

## CONCLUSION

20.     The Mars Defendants hereby remove the above-captioned action from the Superior Court of New Jersey Law Division: Essex County, and requests that further proceedings be conducted in this Court as provided by law.


Dated:  February 7, 2014                    **BROWN & CONNERY LLP**


By:   *s/Stephen J. DeFeo*
    Stephen J. DeFeo
    360 Haddon Avenue
    PO Box 539
    Westmont, NJ 08108
    (856) 854-8900
    (856) 858-4967 (fax)
    sdefeo@brownconnery.com

**WILLIAMS & CONNOLLY LLP**

    David A. Forkner (Pro Hac Vice Pending)
    Brian C. Rabbitt (Pro Hac Vice Pending)
    725 12 Street N.W.
    Washington, D.C. 20005
    (202) 434-5000
    (202) 434-5029 (fax)
    brabbitt@wc.com
    dforkner@wc.com

*Attorneys for The Nutro Company
and Mars, Inc.*