# EXHIBIT A

GORDON & REES LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Telephone: (973) 549-2500
Facsimile: (973) 377-1911
e-mail: rgiller@gordonrees.com
       jspiegel@gordonrees.com

Attorneys for Plaintiff and Putative Class Member:
DAMIAN MONTELEONE an individual and on
behalf of all others similarly situated

|  |  |
|---|---|
| DAMIAN MONTELEONE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NUTRO COMPANY, a Delaware corporation; MARS, INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-9885-13<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, plaintiff DAMIAN MONTELEONE ("Plaintiff"), as an individual and

on behalf of the general public and all others similarly situated, by her undersigned attorneys,

alleges as follows:

## NATURE OF THE CASE

1.      This is a class action case brought on behalf of all purchasers of dog food

products manufactured, distributed, marketed, and/or sold by defendants THE NUTRO

COMPANY ("Nutro") and/or MARS, INCORPORATED ("Mars") nationwide, except

California. Through an unlawful, deceptive and unfair course of conduct, Nutro, Mars, and

DOES 1 through 100 (collectively "Defendants"), manufactured, marketed, and/or sold a variety

of dog food products to the United States general public during the relevant six year statutory

time period with a "Guaranteed Analysis" pertaining to health-promoting, *Bacillus* in Nutro

brand dog food kibble and Nutro brand dog food biscuits that are marketed as a live source of microbials. (Hereinafter, Nutro brand dog food kibble and Nutro brand dog food biscuits may also be referred to as "dog food products".) Generally speaking, the *Bacillus* genus is a group of "healthy" spore forming bacteria (such as *Bacillus licheniformis* and *Bacillus subtilis* - both of which are advertised as being present in Defendants' dog food products). The "Guaranteed Analysis" is and/or was prominently printed on the product packaging during the relevant statutory time period.

2.      The representation that Defendants' dog food products are or were a source of live microbial spores during the relevant statutory time period is and/or was false, deceptive and misleading pursuant to New Jersey law.[1]

## PARTIES

3.      Plaintiff is an individual and consumer residing in Glen Ridge, New Jersey.

4.      Defendant THE NUTRO COMPANY ("Nutro") is a corporation that is organized and exists under the laws of the State of California. Nutro may be served with process in this matter by serving its California registered agent for service of process, CT Corporation, 818 W 7th Street, Los Angeles, CA 90017. Nutro is a leading manufacturer of dog food products, including but not limited to the Nutro brand dog biscuits and Nutro brand dog food kibble purchased by Plaintiff on multiple occasions, including but not limited to from December 2007 until April 2011 in or around Glen Ridge, New Jersey.

5.      Defendant MARS, INCORPORATED ("Mars") is a worldwide manufacturer of confectionary, pet food and other food products with nearly $33 billion in annual sales. Marsis ranked as the 5th largest privately-held company in the United States by Forbes. Mars is

---

[1]      Plaintiff intends to seek nationwide class wide relief (excluding California) on behalf of purchasers of *any* of Defendants' dog food product that included false representations regarding live microbials – not just the specific brands of Defendants' dog food products purchased by Plaintiff.

headquartered in McLean, Virginia.   Mars operates in six business segments in the United States:  (a) Chocolate (Hackettstown, New Jersey), Petcare (Franklin, Tennessee), Wm. Wrigley Jr. Company (Chicago, Illinois), Food (Los Angeles, California), Drinks (West Chester, Pennsylvania), and Symbioscience (Rockville, Maryland).

6.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitious named defendants are legally responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs complained herein by providing financial support, advice, resources or other assistance.  Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

7.    Plaintiff is informed and believes that all Defendants were agents, servants and employees of their co-defendants, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants.

8.    At all relevant times, all Defendants constituted a "person" as defined in the Consumer Fraud Act, *N.J.S.A. 56:8-1(d)*.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction in this matter because Defendants routinely transact business in Essex County.

10.    Venue in this Court is proper because Defendants do business and Plaintiff's transaction took place in Essex County.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.    Plaintiff incorporates herein each and every allegation contained in paragraphs 1

through 10, inclusive, as though fully set forth herein.

12.     Defendants manufactured, marketed, and/or sold dog food products that have printed on the product packaging a "Guaranteed Analysis" pertaining to *Bacillus* species (i.e., colony forming units).

13.     On information and belief, during the relevant six-year statutory time period, Defendants' dog food products were incapable of forming live *Bacillus* species once ingested.

14.     On further information and belief, at some point during the statutory time period, Defendants attempted to change its formula so that live *Bacillus* species could form once ingested; however, such re-formulation does not come near the levels represented by Defendants in the "Guaranteed Analysis." Defendants possess superior knowledge of the true facts which were not disclosed, thereby tolling the running of any applicable statute of limitations.

15.     Consumers are particularly vulnerable to these deceptive and fraudulent practices. Consumers rely upon information, such as the "Guaranteed Analysis" on the dog food products purchased by Plaintiff and other members of the nationwide class of consumers (excluding California). In fact, such reliance is undoubtedly justified and a material factor in many individuals' purchasing decisions.

16.     New Jersey laws are designed to protect consumers from this type of false representation and predatory conduct.

17.     Further, the New Jersey Administrative Code § 13:45A-9.2, entitled "General Advertising Practices," provides, in pertinent part, that the failure of an advertiser to substantiate through documents, records or other written proof any claim made regarding the safety, performance, efficiency, quality or price of advertised merchandise, shall constitute a *per se* violation of the New Jersey Consumer Fraud Act [N.J.S.A. 56:8-1 *et seq.*]. Defendants have no

such written substantiations of their claims.

## THE PLAINTIFF TRANSACTION

18.     At all times during the relevant time period, Plaintiff, and all other consumers similarly situated ("Class Members"), purchased improperly labeled Nutro brand dog food kibble and Nutro brand dog food biscuits at various times during the statutory time period beginning in December 2007 and continuing until the time when Nutro apparently corrected the improper labeling in or around April 2011.

19.     Plaintiff and Class Members suffered an actual and ascertainable loss in that they parted with their purchase monies (plus sales tax) for a falsely labeled product. As such, Plaintiff and Class Members suffered actual damages in an amount equal to the purchase price they paid plus applicable sales tax.

20.     In making the purchase, Plaintiff saw, read, and relied upon the false "Guaranteed Analysis" related to *Bacillus* species contained in the Nutro dog food products. Plaintiff was offended and felt cheated (post-purchase) to learn that the "Guaranteed Analysis" related to *Bacillus* species contained in the Nutro dog food products was a false representation and, as such, seeks restitution and/or the return of the purchase price he paid for the various Nutro brand dog food products that he purchased during the relevant statutory time period, but he also prays for similar relief for all other Class Members nationwide.

21.     The putative Class in this case is not intended to apply to California consumers.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action on behalf of himself as an individual and on behalf of all other persons similarly situated in the United States (except California) who purchased Defendants' dog food products with a "Guaranteed Analysis" that included a reference to

millions of *Bacillus* CFUs (the "Class").

23.    The Class also does not include any persons who previously filed suit against Defendants for similar violations of New Jersey law.

24.    The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. On information and belief, the exact number and identities of the members of the Class are ascertainable from the records in Defendants' possession and/or Defendants' retail customers.

25.    There is a well-defined community of interest in the questions of law and fact involved in this case.

26.    All causes of action herein have been brought and may properly be maintained as a class action pursuant to the provisions of Rule 4:32-1(a) because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

      a.    Numerosity: On information and belief, the Class is so numerous that the individual joinder of all members would be impracticable.

      b.    Common Questions Predominate: Common questions of law and fact exist as to all members of the Class, and those questions clearly predominate over any questions that might affect members individually. These common questions of law and fact include, for example, whether Defendants' misrepresentations relating to the amount of CFUs in the "Guaranteed Analysis" constitute an unfair, unlawful, or fraudulent business practice pursuant to N.J.S.A. 56:8-1 et seq. of the New Jersey Consumer Fraud Act.

      c.    Typicality: On information and belief, Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class sustained damages

arising out of Defendant's common course of conduct complained herein.

d.    Adequacy:  Plaintiff will fairly and adequately protect the interest of the members of the Class because Plaintiff has no interests which are adverse to the interests of absent class members and because Plaintiff has retained counsel who possesses significant litigation experience regarding alleged violations of consumer statutes.

e.    Superiority:  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members would be impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, since most class members' individual claims for damages are likely to be modest, the expenses and burdens of litigating individual actions would make it difficult or impossible for individual members of the Class to redress the wrongs done to them.  An important public interest will be served by addressing the matter as a class action, substantial economies to the litigants and to the judicial system will be realized and the potential for inconsistent or contradictory judgments will be avoided.

## FIRST CAUSE OF ACTION

### (For Equitable Fraud Against All Defendants)

27.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 26, as though set forth in full.

28.    During the relevant statutory time period, Defendants engaged in acts and conduct whereby they willfully and intentionally manufactured and sold falsely labeled dog food products with a "Guaranteed Analysis" that was known to be false.

29.    Plaintiff is informed and believes and thereon alleges, that when Defendants made these material misrepresentations, they knew them to be false and such representations were made with the intention to deceive and defraud Plaintiff and Class Members and to induce them to act in reliance on Defendants' false representations in the manner herein alleged, or with expectation that Plaintiff and Class Members would so act.

30.    Plaintiff and Class Members, at the time these representations were made by Defendants and at the time Plaintiff and Class Members took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiff and Class Members were induced to purchase the falsely labeled dog food products that they would not have normally bought.  Had Plaintiff and Class Members known the actual facts, they would not have taken such action and would not have purchased Defendants' offending dog food products.

31.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff and Class Members were subjected to a material and false representation that turned out after the fact to be false.

32.    Plaintiff and Class Members are entitled to rescind the fraudulently induced purchase transactions as it relates to Plaintiff and each and every individual Class Member. Plaintiff and Class Members will return offending products in their possession (if any such products exist) to Defendants to the extent practical and as required by New Jersey law in this regard.

33.    Defendants' aforementioned conduct was despicable, malicious, oppressive, fraudulent, and engaged in with a willful and conscious disregard of Plaintiff's and Class Members' rights and with the intention, on the part of Defendants, of thereby depriving Plaintiff

and Class Members of their money (thereby causing an economic harm to Plaintiff and Class Members). Defendants' outrageous conduct, described herein, subjected Plaintiff and Class Members to unjust hardship in a conscious and willful disregard of their rights. By the conduct alleged herein, Defendants are guilty of fraud, oppression, and malice entitling Plaintiff and Class Members to an award of exemplary and punitive damages in addition to their actual damages in amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (For Negligent Misrepresentation Against All Defendants)

34.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 33, as though set forth in full.

35.     During the relevant statutory time period, Defendants engaged in acts and conduct whereby they willfully and intentionally manufactured and sold falsely labeled dog food products with a "Guaranteed Analysis" that was false.

36.     Plaintiff is informed and believes and thereon alleges, that when Defendants made these representations, they knew or should have known the representations were false and such representations were would likely deceive Plaintiff and Class Members and/or induce them to act in reliance of the false representations.

37.     When Defendants made the representations set forth above, they had no reasonable grounds for believing them to be true.

38.     Plaintiff and Class Members, at the time the representations were made by Defendants, and at the time it took the actions herein alleged, were ignorant of the falsity of the representations and believed them to be true. In reliance on these representations, Plaintiff and Class Members were induced to and did pay monies to purchase Defendants' products.

39.    Had Plaintiff and Class Members known the actual facts, they would not have taken such action.

40.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff and Class Members paid monies to Defendants, through Defendants' regular retail sales channels, to which Defendants are not entitled, and have been damaged in an amount to be proven at trial.

41.    Plaintiff and Class Members seek the full return of their purchase monies, plus the return of applicable sales taxes paid by Class Members, prejudgment interest, punitive damages (based on the malicious, fraudulent, and oppressive conduct repeatedly detailed throughout this complaint), and reasonable attorneys' fees and costs as will be determined at time of trial.

### THIRD CAUSE OF ACTION

### (Violation of New Jersey's Consumer Fraud Act, N.J. Stat. 56:8-1 *Et Seq.* Against All Defendants)

42.    Plaintiff re-alleges and incorporates herein by reference all of the allegations contained in Paragaphs1 through 41, inclusive, of this complaint as though fully set forth herein.

43.    The New Jersey Consumer Fraud Act prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" including any sale or distribution of any services. N.J.S.A. 56:8-2; N.J.S.A. 56:8-1(c), (e).

44.    Beginning at or around December, 2007 and continuing up through the time Nutro apparently corrected the improper labeling, in or around April 2011. Defendants committed those acts as described above, by engaging in a pattern of unlawful acts and practices

as numerated in N.J.S.A. 56:8-1 *et seq.*, by manufacturing, distributing, marketing products with false information pertaining the *Bacillus* CFU, which is in violation of New Jersey laws.

45.    Defendants engaged in a pattern of unfair business practices that violate the wording and intent of the statutes, by engaging in practices that threatens a violation of law, or violates the policy or spirit of laws because its effects are comparable to or the same as a violation by manufacturing, distributing, and marketing products with the false representations referenced herein.

46.    Defendants' conduct with respect to the promotion and marketing of their dog food products, including that these products have printed on the product packaging a "Guaranteed Analysis" pertaining to *Bacillus* species (i.e., colony forming units) when on information and belief, during the relevant six-year statutory time period, Defendants' dog food products were incapable of forming live *Bacillus* species once ingested, constitutes unconscionable commercial practices, deceptions, frauds, false promises or misrepresentations of material facts and a knowing concealment, suppression and omission of a material fact with the intent that others rely upon such concealment, suppression or omission.

47.    Defendants' business practices described herein have created an impression that is misleading and deceptive to the ordinary or average consumer.

48.    As a result of Defendant's misrepresentations and omissions described herein, Plaintiff and the Class Members purchased Defendants' dog food products after viewing one or more of the misleading dog food products described above and/or the misleading statements described above on the dog food products labeling, because the misleading dog food product labeling led them to believe that they were capable of forming live *Bacillus* species once ingested, which was false.

49.     Defendants engaged in these unlawful, unfair and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

50.     As a result of the repeated violations described herein, Defendants received unearned commercial benefits at the expense of their competitors and the public.

51.     Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

52.     As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendants have been and will be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided their money to Defendants based on Defendants' fraudulent country of origin designation.

53.     Plaintiff and the Class suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false representations. Were it not for Defendants' unconscionable practices, Plaintiff and the Class would not have purchased the dog food products as described herein. Accordingly, Plaintiff and the Class suffered an ascertainable loss as a result of being improperly induced to purchase the dog food products during the class period.

54.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, filing fees, and costs pursuant to N.J. Stat § 56:8-19.

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

## PRAYER

1.     Damages according to proof;

2.    For a judgment declaring this action to be a proper class action;

3.    An order rescinding the purchase transaction of all Class Members and returning the full value of the product purchased to each and every Class Member, including any applicable sales tax;

4.    Declaring that Defendants violated the provisions of the New Jersey Consumer Fraud Act, N.J. Stat § 56:8-1 *et seq*.

5.    Requiring Defendants to provide restitution to compensate, and to restore all persons in interest, including all Class Members, with all monies acquired by means of Defendants' unfair competition;

6.    Punitive and exemplary damages to the extent permitted by New Jersey law under the First and Second Causes of Action;

7.    In addition to any other appropriate legal or equitable relief awarded, threefold the damages sustained by any person in interest, including Plaintiff and all Class Members, pursuant to the New Jersey Consumer Fraud Act, N.J. Stat § 56:8-19;

8.    Plaintiff's reasonable attorneys' fees and costs as it relates to all causes of action pursuant to, N.J. Stat § 56:8-19;

9.    For prejudgment interest as allowed by law; and

10.   For such other and further relief as this Court finds just, equitable and proper, including, but not limited to, the remedy of disgorgement.


Dated:  December 24, 2013                    GORDON & REES LLP
                                             *Attorneys for Plaintiff*

                                             By: _____
                                                 Ronald A. Giller
                                                 Jeffrey Y. Spiegel

13

## JURY DEMAND

Demand is hereby made for trail by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Ronald A. Giller, Jeffrey Y. Spiegel and Gordon & Rees LLP as trial counsel in this matter.

Dated:  December 24, 2013

GORDON & REES LLP
*Attorneys for Plaintiff*

By: _____
Ronald A. Giller
Jeffrey Y. Spiegel

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

It is hereby certified that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief.  It is also my understanding and belief that no other action or proceeding is contemplated.  At this time, I know of no other parties that should be joined in the above action. I recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated:  December 24, 2013

GORDON & REES LLP
*Attorneys for Plaintiff*

By: _____
Ronald A. Giller
Jeffrey Y. Spiegel

14

## NOTIFICATION TO ATTORNEY GENERAL

Pursuant to N.J.S.A. 56:8-20, I certify that a copy of this complaint will be served on the Office of the Attorney General, CN 080, Trenton, NJ 08625 as well as the Division of Consumer Affairs, 124 Halsey Street, PO Box 45027, Newark, NJ 07101 within ten days after filing the complaint with the court.

Dated:  December 24, 2013

GORDON & REES LLP
*Attorneys for Plaintiff*

By: _____
Ronald A. Giller
Jeffrey Y. Spiegel

Appendix XII-B1



## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY / PRO SE NAME Jeffrey Y. Spiegel | TELEPHONE NUMBER (973) 549-2500 | COUNTY OF VENUE Essex |
|---|---|---|
| FIRM NAME (if applicable) Gordon & Rees LLP | | DOCKET NUMBER (when available) ESX-L- 9885-13 |
| OFFICE ADDRESS 18 Columbia Turnpike, Suite 220 Florham Park, NJ 07932 | | DOCUMENT TYPE Class Action Complaint |
| | | JURY DEMAND ☒ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Damian Monteleone-Plaintiff | CAPTION Damian Monteleone v. The Nutro Company, MARS Incorporated et al. |
|---|---|

| CASE TYPE NUMBER (See reverse side for listing) 508 | HURRICANE SANDY RELATED? ☐ YES ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ☒ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☒ UNKNOWN |
|---|---|

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☒ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ No | |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION
Class Action

DEC 26 2013

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | |
|---|---|
| 266   HORMONE REPLACEMENT THERAPY (HRT) | 288   PRUDENTIAL TORT LITIGATION |
| 271   ACCUTANE/ISOTRETINOIN | 289   REGLAN |
| 274   RISPERDAL/SEROQUEL/ZYPREXA | 290   POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278   ZOMETA/AREDIA | 291   PELVIC MESH/GYNECARE |
| 279   GADOLINIUM | 292   PELVIC MESH/BARD |
| 281   BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293   DEPUY ASR HIP IMPLANT LITIGATION |
| 282   FOSAMAX | 295   ALLODERM REGENERATIVE TISSUE MATRIX |
| 284   NUVARING | 296   STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 285   STRYKER TRIDENT HIP IMPLANTS | 297   MIRENA CONTRACEPTIVE DEVICE |
| 286   LEVAQUIN | 601   ASBESTOS |
| 287   YAZ/YASMIN/OCELLA | 623   PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

Please check off each applicable category    ☒ Putative Class Action        ☐ Title 59

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK       NJ 07102

COURT TELEPHONE NO. (973) 693-5629
COURT HOURS

                                            TRACK ASSIGNMENT NOTICE

                         DATE:    DECEMBER 27, 2013
                         RE:      MONTELEONE VS THE NUTRO COMPANY
                         DOCKET:  ESX L-009865 13

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON JAMES S ROTHSCHILD JR

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (973) 693-6443 EXT 6431.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                         ATTENTION:
                                        GORDON & REES LLP
                                        18 COLUMBIA TURNPIKE
                                        SUITE 220
                                        FLORHAM PARK     NJ 07932-2266

JUGGHEO

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAMIAN MONTELEONE, an individual and
on behalf of all others similarly situated,

            Plaintiff,

   v.

THE NUTRO COMPANY, a Delaware
corporation; MARS, INCORPORATED, a
Delaware corporation; and DOES 1 through 100,
inclusive,

            Defendants.

Case No.:

**DECLARATION OF MONICA GLASS IN
SUPPORT OF NOTICE OF REMOVAL**

I, Monica Glass, declare as follows:

    1.   I am over the age of eighteen, and I am a legal resident of the State of Tennessee. I am employed by the Nutro Company ("Nutro") in Nashville, Tennessee. My current position is Senior Corporate Affairs Manager.

    2.   This declaration is based upon my personal knowledge and upon information provided by my staff. I have reviewed all the information included in this Declaration and I believe it to be true and correct.

    3.   Nutro is incorporated in California and has a principal place of business in Franklin, Tennessee.

    4.   From December 26, 2007 through July 2009, Nutro sold over $5 million of Nutro brand dog kibble labeled with a "Guaranteed Analysis" that included a reference to "millions of Bacillus." Nutro sold this brand of dog kibble to more than 1,000 retail outlets in states other than California from December 26, 2007 through July 2009.

5.    From December 26, 2007 through April 2011, Nutro sold over $5 million of Nutro brand dog food biscuits labeled with a "Guaranteed Analysis" that included a reference to "millions of Bacillus."   Nutro sold this brand of dog food biscuits to more than 1,000 retail outlets in states other than California from December 26, 2007 through April 2011.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 5, 2014

_____
Monica Glass

# EXHIBIT C

**IN THE SUPERIOR COURT OF THE STATE OF NEW JERSEY**
**FOR ESSEX COUNTY**

| | |
|---|---|
| DAMIAN MONTELEONE, an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>THE NUTRO COMPANY, a Delaware corporation; MARS, INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No. ESX-L9885-13 |

## NOTICE OF FILING OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, Defendants, The Nutro Company ("Nutro") and Mars Incorporated ("Mars"), (collectively the "Mars Defendants"), removed this action on February 7, 2014 from the Superior Court of the State of New Jersey for Essex County to the United States District Court for the District of New Jersey. A copy of the Notice of Removal is attached hereto as Exhibit A.

      Respectfully submitted,

      **BROWN & CONNERY LLP**

By: _____
      Stephen J. DeFeo

      360 Haddon Avenue
      PO Box 539
      Westmont, NJ 08108
      (856) 854-8900
      (856) 858-4967 (fax)
      sdefeo@brownconnery.com

      *Attorney for The Nutro Company*
      *and Mars, Inc.*

Dated:  February 7, 2014

2110122.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2014 a true and correct copy of the foregoing Notice of Filing of Removal to Federal Court and Exhibits were served on the following counsel of record for Plaintiff:

Ronald A. Giller, Esq.
Jeffrey Y. Spiegel, Esq.
**GORDON & REES LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
(Via FedEx)

_____
Stephen J. DeFeo