UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIAN MONTELEONE, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE NUTRO COMPANY, a Delaware corporation; MARS, INCORPORATED, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Electronically filed<br><br>Case No.: 2:14-cv-00801-ES-JAD<br><br>FINAL ODER AND JUDGMENT OF DISMISSAL WITH PREJUDICE |

**WHEREAS** Plaintiff DAMIAN MONTELEONE ("Plaintiff"), both individually and on behalf of all Settlement Class Members, and defendants THE NUTRO COMPANY and MARS, INCORPORATED ("Defendants"), through their respective attorneys of record, having stipulated to the entry of this Final Order and Judgment of Dismissal with Prejudice ("Final Order and Judgment") without the taking of proof, without trial or adjudication of any fact or law herein, without this Final Order and Judgment constituting evidence of or an admission by Defendants regarding any issue of fact or law alleged in the complaint herein, and without Defendants admitting any liability, and good cause appearing;

**WHEREAS**, by order dated August 4, 2015 ("Preliminary Approval Order"), this Court granted preliminary approval of the proposed class action settlement between the Parties;

**WHEREAS**, the Court also provisionally certified a Settlement Class and appointed Class Counsel and a class representative for settlement purposes only, and approved the procedure for giving notice and the forms of notice.

**WHEREAS**, on December 7, 2015, the Court held a duly noticed final fairness hearing ("Fairness Hearing") to consider, *inter alia*: (1) whether the terms and conditions of the Settlement and Settlement Agreement (the "Agreement") are fair, reasonable, and adequate; (2) whether the Settlement Class should be finally certified for purposes of settlement only; (3)

whether a judgment should be entered dismissing Plaintiff's complaint on the merits and with prejudice in favor of Defendants and against all persons or entities who are Settlement Class Members; and (4) whether and what amount to award attorneys' fees and expenses to counsel for the Settlement Class;

**WHEREAS,** at the Fairness Hearing, the Court directed the parties to jointly submit supplemental briefing on the issue of attorneys' fees and costs, which the parties filed on January 6, 2016;

**WHEREAS,** the Court considered all matters submitted to it at the Fairness Hearing and otherwise, and it appears that notice substantially in the form approved by the Court in the Preliminary Approval Order was given in the manner that the Court ordered;

**WHEREAS,** the settlement was the result of extended, arms'-length negotiations as well as mediation with a respected mediator, the Honorable Mark B. Epstein (Ret.);

**WHEREAS,** counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action, and independent investigations by counsel for the parties suffices to enable the parties to make an informed decisions as to the fairness and adequacy of the Settlement;

**WHEREAS,** the Court has determined after careful consideration that the proposed settlement of the claims of the Settlement Class Members against Defendants, as well as the release of Defendants and the Released Parties, the significant relief provided to the Settlement Class Members—in the form of Defendants' agreement to distribute up to Five Hundred Thousand Dollars ($500,000.00) to eligible Settlement Class Members who purchased the Affected Product—as described in the Agreement, and the award of attorneys' fees and expenses requested, are fair, reasonable and adequate;

**WHEREAS,** the Court issued an opinion ("Memorandum Opinion") on June 30, 2016 addressing Class Counsels' request for attorneys' fees and costs.

**NOW, THEREFORE,** for the reasons stated herein, in the Preliminary Approval Order, on the record at the Fairness Hearing, and in the Court's Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. **Incorporation of Settlement Agreement.** The Agreement, including any attachments thereto, is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Agreement.

2. **Jurisdiction.** This Court has subject-matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiff's complaint in the Action, and to dismiss this Action on the merits and with prejudice. This Court has personal jurisdiction over the parties to this action, including the Settlement Class Members.

3. **Final Certification of Settlement Class.** The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon occurrence of the Effective Date, that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied as provided for in the Preliminary Approval Order. The Court hereby finds that the Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) for certification of the class claims alleged in the Action, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

4. The Court hereby finally certifies this Action for settlement purposes only as a class action on behalf of the following settlement class (the "Settlement Class"):

> All persons in the United States (excluding residents of the State of California) who purchased Ultra brand dry dog kibble between April 1, 2007 and June 30, 2009 and/or Ultra brand dog biscuits between April 1, 2007 and April 30, 2011. Excluded from the Settlement Class are all persons who are employees, directors, officers, and agents of Defendants or their subsidiaries and affiliated companies, as well as the Court and its immediate family and staff.

5. As defined in the Agreement, "Settlement Class Member(s)" means any member of the Settlement Class who did not elect exclusion or opt out from the Settlement Class during the Notice period pursuant to the terms and conditions for exclusion set out in the Agreement, the Preliminary Approval Order, the Notice, and the Summary Notice. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members are bound by this Final Order and Judgment.

6. Pursuant to Federal Rule of Civil Procedure Rule 23(a), the Court finds that the Plaintiff in the Action, Damian Monteleone, is a Settlement Class Member, his claims are typical of the Settlement Class, and he has fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Action. Accordingly, the Court hereby appoints Damian Monteleone as class representative.

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court finds that Class Counsel has fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Class Counsel as counsel to represent the Settlement Class Members.

8. **Final Approval of Notice.** The Court finds that notice was provided in accordance with the terms of the Agreement and this Court's Preliminary Approval Order and that such notice:

(a) constituted the best practicable notice under the circumstances of this Action to the Settlement Class, Settlement Class Members, and all other all persons and entities entitled to be provided with such notice;

(b) fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law(s); and

(c) was reasonably calculated, under the circumstances, to apprise the Settlement Class and Settlement Class Members of the (i) the nature and pendency of this class action, (ii) the definition of the class certified; (iii) the class claims, issues, and/or defenses; (iv) their right to enter an appearance through an attorney; (v) their right to exclude themselves from the Settlement Class and the proposed settlement upon request, (vi) their right to object to any aspect of the proposed settlement, (vii) the time and manner for requesting exclusion; (viii) their right to appear at the Fairness Hearing, and (ix) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class under Rule 23(c)(3).

9. **Final Approval of Settlement.** Because it appears that (1) settlement negotiations occurred at arm's length; (2) there was sufficient discovery and investigation of claims; (3) the proponents of the settlement are highly experienced in similar litigation; and (4) none of the Settlement Class objected, the Court will apply a presumption of fairness to the settlement. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004). In addition, because settlement in this matter preceded class certification, the Court has applied a heightened standard and has carefully assessed whether the terms of the settlement, as reflected in the Agreement, are fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e)(2). *See In re Gen. Motors Corp. Prods. Liab. Litig.*, 55 F.3d 768, 805–06 (3d Cir. 1995). After application of the relevant factors, the Court finds that the terms and provisions of the Settlement, as set forth in the Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, Plaintiff and the Settlement Class Members. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *In re Prudential Ins. Co. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir 1998). Because this settlement includes a *cy pres* component, the

Court has considered the degree of direct benefit provided to class members in making this determination. *See In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013).

10. **Final Approval of Plan of Allocation.** The Court finds that the plan of allocation of the settlement fund, as described in the Settlement Agreement, is fair, reasonable, and adequate as to all Settlement Class Members and therefore approves the same pursuant to Federal Rule of Civil Procedure 23(e).

11. **Dismissal.** This Action is hereby DISMISSED WITH PREJUDICE and without costs as against Defendants and the Released Parties. All Settlement Class Members who have not timely and validly opted out of this settlement are hereby bound by this Final Order and Judgment and the Release provided herein.

12. **Release.** Upon the Effective Date, the Releasing Parties (as that term is defined in the Agreement) shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Released Claims means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the Effective Date by Plaintiff and all Settlement Class Members (and Plaintiff's and Settlement Class Members' respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) that:

(a) were brought or that could have been brought against the Released Parties, or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to, alleged violations of state consumer protection and unfair competition laws (including, but not limited to, N.J. Stat. § 56:8-1 *et seq.*); fraud; negligent misrepresentation; breach of contract; breach of express or implied warranty;

unjust enrichment, restitution, trespass, conversion, declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort); and

(b)   relate in any way to the *Bacillus* Guarantee, including but not limited to all claims that relate in any way to (i) Nutro's representation that its Ultra kibble and biscuits contained a specified amount of "Total Bacillus Species" (listed as CFUs per pound) in its "Guaranteed Analysis" or (ii) Nutro's representation that its Ultra kibble and biscuits were a source of live microbials.

13.   The Released Claims include known and unknown claims relating to the Action, and the Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  To the fullest extent possible, Settlement Class Members have expressly, knowingly, intelligently, and voluntarily waived any and all rights they may have under applicable state or federal laws restricting or limiting the scope and effect of the general release given herein to claims known or suspected by Settlement Class Members at the time the Agreement was executed.  Settlement Class Members have expressly waived and relinquished any and all rights and benefits that they may have under, or that may be conferred upon them by, such state or federal laws, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Released Parties shall be and will remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the parties has expressly acknowledged that it was advised by its attorney of the contents and effect of any state or federal law restricting or limiting the scope and effect of the general release given herein

to claims known or suspected at the time the Agreement was executed, and with knowledge, each of the parties has expressly waived whatever benefits it may have had pursuant to such laws. Plaintiff has acknowledged, and the Settlement Class Members shall be deemed by operation of the Final Order and Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

14. Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

15. **Other Actions.** The Court orders that, upon the Effective Date, the Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins Plaintiff, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiff or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, supporting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of Plaintiff or Settlement Class Members, seeking to certify a class that includes Plaintiff or Settlement Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16. **No Admission.** Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

(a) offered by any person or received against Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of the facts alleged by the Plaintiff or any Settlement Class Member or the validity of any

claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

(b) offered by any person or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any other wrongdoing by Defendants;

(c) offered by any person or received against Defendants or as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the Parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in this paragraph shall prevent the Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or this Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Agreement or this Final Order and Judgment; or

(d) offered by any person or received against Plaintiff as evidence or construed as or deemed to be evidence that any of Plaintiff's claims lack merit.

17. Notwithstanding the foregoing, Defendants may file the Agreement, this Final Order and Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that the Agreement and/or this Final Order and Judgment are binding on and shall have *res judicata, collateral estoppel*, and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and/or any other Settlement

Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

18. **Retention of Jurisdiction.** Without in any way affecting the finality of this Final Order and Judgment, this Court retains exclusive and continuing jurisdiction over the Parties, including the Settlement Class, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Agreement and of this Final Order and Judgment, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, and/or this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Order and Judgment; and whether persons are enjoined from pursuing any claims against Defendants);

(b) enabling any party to this Final Order and Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Judgment;

(c) entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Agreement (including, without limitation, orders enjoining persons from pursuing any claims against Defendants), or to ensure the fair and orderly administration of the Settlement; and

(d) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Agreement, the Parties, and the Settlement Class Members.

19. **Disputes.** The Parties agree to negotiate in good faith to try to resolve any disputes that may arise relating to this Final Order and Judgment. Plaintiff shall give Defendants twenty (20) days notice before filing an application or other pleading seeking contempt of court or other sanctions for any purported violation of this Final Order and Judgment.

20. **Effective Date.** This Final Order and Judgment shall take effect immediately upon entry thereof, without further notice to Plaintiff, Defendants, or Settlement Class Members.

21. **Approval of Attorneys' Fees, Costs, and Incentive Award.** After considering the parties' submissions and all relevant factors, including the result achieved by Class Counsel on behalf of Settlement Class Members, for the reasons set forth in the Court's Memorandum Opinion, the Court finds that an attorneys' fee award of $370,000.00 is fair and reasonable and awards same to Class Counsel, which is in lieu of statutory fees Plaintiff and/or his attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of any and all reimbursements to Class Counsel for litigation costs and expenses.

22. The Court further awards Plaintiff Damian Monteleone an incentive award of $5,000.00, which the Court finds fair and reasonable for the reasons set forth in the Court's Memorandum Opinion.

23. The attorneys' fee award, reimbursement of expenses, and the Plaintiff's incentive award shall be paid within the time provided for in Paragraph 38 of the Agreement. If not so paid, then interest on such award, fees and expenses shall accrue from the date such funds were required to paid pursuant to Paragraph 38 until paid at the maximum rate allowed by applicable law.

24. **Miscellaneous.** Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any provisions of the Agreement.

25. In the event that the Effective Date does not occur, class certification shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

26. The Clerk shall enter this Final Order and Judgment forthwith.

IT IS SO ORDERED on this ___4th___ day of ___August___, 2016.

                                          Hon. Esther Salas, U.S. District Judge

11